UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS ROBERTS, | ) |
| Movant, | ) |
| v. | ) No. 4:16CV538 RLW |
| JASON LEWIS,[1] | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Carlos Roberts' Motion to Reconsider and Amend Case Management Order and Motion for Appointment of Counsel and for Evidentiary Hearing (ECF No. 7). Upon review of the motion and the pleadings in this case, the Court will amend the Case Management Order to allow Petitioner additional time to file his reply brief and deny the motions for appointment of counsel and for an evidentiary hearing without prejudice.

On April 18, 2016, Petitioner filed a Petition for Writ of Habeas Corpus in federal court. The Court entered a Case Management Order ("CMO") on May 26, 2016 setting for the deadlines for Respondent to show cause and for Petitioner to file a reply. (ECF No. 3) On July 8, 2016, Respondent filed his Response to Show Cause Order. (ECF No. 5) Petitioner did not file a timely reply as required in the CMO. Instead, on November 21, 2018, he filed the present motion to amend the CMO, for appointment of counsel, and for an evidentiary hearing.

---

[1] Jason Lewis is now the warden of Southeast Correctional Center, where Petitioner is housed. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody." Therefore, Jason Lewis' name will be substituted as the named respondent in this action. Future pleadings shall reflect these changes in the caption.

Petitioner contends that he suffers from mental health issues and requests an attorney to assist with his federal habeas petition.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings . . . ." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). In order to determine whether appointment of counsel is appropriate, the court must consider "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." *Id.* (citations omitted). In the instant case, while Petitioner raises four grounds for habeas relief, they do not appear to be factually or legally complex. Further, review of the Petition demonstrates that Petitioner thus far is able to articulate his claims in a clear, concise manner. Because Petitioner has demonstrated the ability to adequately present his claims without an attorney, his motion for appointment of counsel will be denied at this time.

With respect to Petitioner's request for an evidentiary hearing, the Court notes that Petitioner has not yet filed a reply brief. As such, the Court is unable to determine at this time whether an evidentiary hearing is required. *See Newton v. Kemna*, 354 F.3d 776, 785 (8th Cir. 2004) (stating a district court must hold a hearing where petitioner has alleged disputed facts which would entitled him to habeas relief if proven but may deny a hearing if such hearing would not assist in resolving the claims). Therefore, Petitioner's motion for an evidentiary hearing will also be denied at this time.

In the alternative, Petitioner requests additional time to file a *pro se* reply to Respondent's Response to Show Cause Order. The Court will grant this motion and allow Petitioner ninety (90) days to file a reply. Because a significant amount of time has passed since Petitioner's reply was originally due, the Court will not grant any further extensions of time.

Accordingly,

2

**IT IS HEREBY ORDERED** that Petitioner Carlos Roberts' Motion to Reconsider and Amend Case Management Order and Motion for Appointment of Counsel and for Evidentiary Hearing (ECF No. 7) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER** ORDERED that Petitioner's Motion for Appointment of Counsel and Motion for an Evidentiary Hearing are **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that the Case Management Order is amended to allow Petitioner to file a reply to Respondent's Response to Show Cause Order no later than March 18, 2019.

Dated this 19th day of December, 2018.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**